IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAMION ROBERT THOMAS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-1244-CFC |
| JOHNSON & JOHNSON INC. AND/OR COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this First day of June 2020;

1. On April 20, 2020, the Court entered an order for Plaintiff to show cause on or before May 20, 2020 why this case should not be dismissed pursuant to D. Del. LR 41.1 for failure to prosecute. (*See* D.I. 21) Plaintiff did not respond to the show cause order. Instead, he filed a request for counsel and stated that he lacks the proper knowledge and resources to act *pro se*. (D.I. 22)

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4.    Several factors here warrant the sanction of dismissal, including: Plaintiff having taken no action since December 16, 2019; Defendant having filed a motion to dismiss; Plaintiff having failed to file an answering brief; Plaintiff having failed to file a response to the show cause order; and the fact that the case lacks arguable merit as it is time-barred by Delaware's applicable two-year statute of limitation period and the complaint fails to state claims upon which relief may be granted.[1] Upon consideration of the *Poulis* factors, the Court concludes that the factors weigh in favor of dismissal and that Plaintiff has failed to prosecute this case.

THEREFORE, IT IS ORDERED that:

1.    Defendant's motion to dismiss is **DENIED** as moot. (D.I. 19)

2.    Plaintiff's request for counsel is **DENIED** as moot. (D.I. 22)

---

[1] Under Delaware law, the statute of limitations begins to run when the alleged legal injury is sustained. *See Brown v. E.I. duPont de Nemours and Co., Inc.*, 820 A.2d 362 (Del. 2003). Plaintiff alleges that he took several medications from 2014 through 2017, that around 2015 he noticed a painful lump in his chest, and that the medications were manufactured by Defendant. (D.I. 1 at 5) Plaintiff waited until the latter part of June 2019 to commence this action. Defendant also moves for dismissal on the grounds that the complaint is deficiently pled and fails to state claims of negligence and fraud by concealment. Upon review, the Court agrees that given the dearth of facts, the Complaint fails to meet the pleading standards of *Iqbal* and *Twombly*.

3. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

4. The Clerk of Court is directed to **CLOSE** the case.

_____
UNITED STATES DISTRICT JUDGE